UNITED STATES of America,
Plaintiff–Appellee,

v.

Edwin Gayle BROWNING, a/k/a "Tex Browning," Defendant–Appellant.

Nos. 94–7100, 94–7103.

United States Court of Appeals,
Tenth Circuit.

July 19, 1995.

Paul G. Hess, Asst. U.S. Atty. (John Raley, U.S. Atty., with him on the brief), Muskogee, OK, for plaintiff-appellee.

Tim Maxcey (Gene Stipe with him on the brief), McAlester, OK, for defendant appellant.

Before BRORBY, Circuit Judge, LOGAN, Senior Circuit Judge, and KELLY, Circuit Judge.

BRORBY, Circuit Judge.

Three days after a jury was empaneled for trial on a multiple-count indictment, the defendant, Edwin Gayle Browning, pled guilty to one count of participation in a drug conspiracy, 21 U.S.C. § 846, and one count of receiving, possessing, and disposing of a stolen motor vehicle that had been moved interstate, 18 U.S.C. §§ 2 and 2313(a), in exchange for dismissal of all remaining counts. In this direct appeal, Mr. Browning challenges a ruling made during jury selection, contests the voluntariness of his plea, and asserts numerous sentencing errors. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

I

■ Mr. Browning first argues the district court erred in overruling his motion to dismiss a juror for cause because the juror's brother was a law enforcement officer and the juror was studying to enter the law enforcement field. Because Mr. Browning had to use one of his peremptory challenges to remove the juror from the panel, Mr. Browning argues he was deprived of his due process rights. By pleading guilty, however, Mr. Browning waived his right to a jury altogether. *See United States v. Hickok*, 907 F.2d 983, 985 (10th Cir.1990). The alleged error during jury selection, therefore, cannot provide a basis for reversing his convictions. *See United States v. Davis*, 900 F.2d 1524, 1525–26 (10th Cir.) (holding that defendant's guilty plea foreclosed his opportunity to challenge trial court's denial of motions to suppress "[b]y entering a voluntary plea of guilty, [the defendant] waived all nonjurisdictional defenses"), *cert. denied*, 498 U.S. 856, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990).

II

■ Mr. Browning's second argument is the district court failed to insure the voluntariness of his guilty plea, as required by Fed.R.Crim.P. 11(d), by inadequately exploring whether his mental capacity was impaired by his use of two prescription medications: Zantac for ulcers, and an unidentified arthritis medicine. "[W]hether a district court has complied with Rule 11 before accepting a guilty plea is primarily a question of law subject to de novo review." *United States v. Gomez–Cuevas*, 917 F.2d 1521, 1524 (10th Cir.1990). If a variance from Rule 11

does not affect the defendant's substantial rights, it is considered harmless error. Fed. R.Crim.P. 11(h).

At the sentencing hearing, the court inquired as to whether the medication had in any way affected Mr. Browning's ability to think or comprehend. Mr. Browning assured the court it had not. The court then asked Mr. Browning's attorney if he had noticed any effect in Mr. Browning's speech or actions from the medication, or whether he had any reason to believe that Mr. Browning was not mentally competent to understand the proceeding. Counsel answered in the negative. The court also clarified that the medication was solely for treating ulcers and reducing pain, and that Mr. Browning had never been treated for mental illness. Based on these inquiries and its own observations, the court found Mr. Browning mentally competent to enter a plea. We believe this evaluation was sufficient for purposes of Rule 11. Cf. United States v. Kearney, 684 F.2d 709, 711–12 & n. 2 (10th Cir.1982) (finding a similar inquiry sufficient to uphold trial court's denial of defendant's motion to withdraw a guilty plea). Moreover, even if Mr. Browning is correct that the court's inquiry "did not probe deep enough," the complete absence of evidence that his ability to enter a knowing and voluntary plea was affected by the medications renders any deficiency harmless.

### III

Next, Mr. Browning argues the district court erred by relying on the testimony of Lisa Cox and codefendants Joe Don Barnes and Gary Don Lovelace to calculate the drug quantity for setting the base offense level of Mr. Browning's conspiracy charge. At the sentencing hearing, all three witnesses testified to having purchased various quantities of methamphetamine from Mr. Browning for resale to other individuals during the period of the conspiracy. Their testimony was consistent with information they had previously provided in the investigation for the presentence report. After hearing their testimony, the district court adopted the presentence report's "conservative" estimate that the drug conspiracy involved a quantity of 8.2 kilograms.[1]

Mr. Browning does not argue the testimony of Cox, Barnes and Lovelace, if credited, fails to support the calculation in the presentence report. Rather, he argues the court should have disregarded their testimony altogether as it was inherently unreliable because all three provided only quantity estimates, all had histories of drug use, all had incentives to minimize their own culpability, and both Barnes and Lovelace had prior criminal records.

■■■ We review the district court's drug quantity determination only for clear error. United States v. Easterling, 921 F.2d 1073, 1077 (10th Cir.1990), cert. denied, 500 U.S. 937, 111 S.Ct. 2066, 114 L.Ed.2d 470 (1991). The use of estimates is an acceptable method for calculating drug quantities, as long as the information upon which the estimates are based has a minimum indicia of reliability. Id. at 1077. After hearing Cox, Barnes, and Lovelace testify at the sentencing hearing, the district court made explicit findings that the testimony contained sufficient indicia of reliability. The court considered the character and mental condition of these witnesses. Nevertheless, the court was persuaded that the testimony was credible and reliable for purposes of determining relevant drug quantities because of their personal knowledge of specific facts underlying the drug transactions, their demeanor in court, and their "clear and responsive answers to questioning." Witness credibility at sentencing is a question for the district court, See United States v. Deninno, 29 F.3d 572, 578 (10th Cir.1994), cert. denied, ── U.S. ──, 115 S.Ct. 1117, 130 L.Ed.2d 1081 (1995), and we find no reason to second-guess the court's

---

1. In addition to the information provided by Cox, Barnes, and Lovelace, the presentence report's 8.2 kilogram calculation was also based on information from other witnesses, and included the amount of drugs that Mr. Browning sold to an undercover agent. Mr. Browning does not challenge the court's reliance on those other sources for its drug quantity calculation, so we need only address the information provided by Cox, Barnes, and Lovelace in this appeal.

credibility assessments in this case.[2] Thus, because we agree that the minimum indicia of reliability existed to support the court's reliance on the testimony of Cox, Barnes and Lovelace, we conclude the resulting drug quantity calculation was not clearly erroneous.

## IV

◼ Mr. Browning argues the district court erred in admitting certain hearsay statements at the sentencing hearing. Because the Federal Rules of Evidence on hearsay do not apply at sentencing, this argument must fail. *See* Fed.R.Evid. 1101(d)(3); U.S.S.G. § 6A1.3(a). While this court has held that defendants have a due process right not to be sentenced on the basis of materially incorrect information, and thus has required hearsay statements to possess some minimal indicia of reliability before being used at sentencing, *United States v. Reid,* 911 F.2d 1456, 1463–64 (10th Cir.1990), *cert. denied,* 498 U.S. 1097, 111 S.Ct. 990, 112 L.Ed.2d 1074 (1991), there is nothing in the record to suggest that the statements at issue here were inherently unreliable.

## V

◼ Mr. Browning next argues the trial court erred by imposing a four-level increase in the base offense of his conspiracy charge pursuant to U.S.S.G. § 3B1.1(a), which provides for such an increase when "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Mr. Browning only challenges the district court's finding that he was an "organizer or leader," which is a factual determination reviewed for clear error. *See United States v. Mays,* 902 F.2d 1501, 1503 (10th Cir.1990). Mr. Browning argues his relationship to his coconspirators was simply that of seller to buyer, which we have held is insufficient proof of a leadership role. *See Reid,* 911 F.2d at 1465; *Mays,* 902 F.2d at 1503. Based on the coconspirators' testimony at the sentencing hearing and Mr. Browning's own admissions at the plea proceeding, the district court found Browning had played a leadership role beyond that of a mere "seller" with respect to his coconspirators, who were purchasing quantities for resale. Because there is sufficient evidence in the record from which to find Browning's exercise of "independent management initiative," *see Mays,* 902 F.2d at 1503, the court's factual finding cannot be deemed clearly erroneous.

## VI

◼ Lastly, Mr. Browning argues the district court erred in imposing a three-level increase in the base offense level of his conspiracy charge pursuant to U.S.S.G. § 2J1.7. Section 2J1.7, which implements 18 U.S.C. § 3147, requires a three-level increase if the offense of conviction was committed while the defendant was on release on another federal charge.[3] The district court applied § 2J1.7

2. In urging us to reject the district court's credibility assessments, Mr. Browning has cited several cases in which drug quantity findings based on the testimony of prior drug addicts was deemed clearly erroneous for lack of a minimum indicia of reliability. Those cases, however, are all distinguishable on their facts. *See, e.g., United States v. Richards,* 27 F.3d 465, 469–70 (10th Cir.1994) (finding former drug addict's testimony on drug quantities unreliable because it was "extremely vague," "flatly contradictory," and admittedly based solely on guesswork by DEA agents for which the witness could provide no factual support); *United States v. Simmons,* 964 F.2d 763, 776 (8th Cir.) (finding drug addict's testimony on drug quantities unreliable because she lied to the court, admitted to memory impairment, and could not quantify the drug transactions involved), *cert. denied,* —— U.S. ——, 113 S.Ct. 632, 121 L.Ed.2d 563 (1992); *United States v. Robison,* 904 F.2d 365, 371–72 (6th Cir.) (finding former drug addict's testimony on drug quantities unreliable because she admitted to having memory loss for the period about which she was testifying and acknowledged that she had been pressured into fixing quantities that were "totally a guess" and had "no factual basis"), *cert. denied,* 498 U.S. 946, 111 S.Ct. 360, 112 L.Ed.2d 323 (1990); *see also United States v. Miele,* 989 F.2d 659, 666–68 (3d Cir.1993) (remanding for district court to make an explicit credibility finding before relying on former drug addict's testimony on drug quantities that was vague and inconsistent).

3. 18 U.S.C. § 3147 provides:
   A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to—
   (1) a term of imprisonment of not more than ten years if the offense is a felony; or

based on testimony at the sentencing hearing indicating that the drug conspiracy occurred while Mr. Browning was out on bond in an unrelated criminal case in the Western District of Oklahoma. Mr. Browning first challenges this finding because the testimony that the court relied on involved hearsay. Once again, because the Federal Rules of Evidence on hearsay do not apply at sentencing, and because the statements at issue possessed at least a minimal indicia of reliability, this argument fails.

Mr. Browning additionally argues the § 2J1.7 enhancement should be set aside because the government "did not give notice that it intended to ask for an enhanced sentence." As a result, Mr. Browning argues the district court erred in applying this enhancement to his sentence.[4] The only authority offered in support of this argument is *United States v. McCary*, 14 F.3d 1502 (10th Cir.1994), which Mr. Browning cites for the proposition that there, "the government's attorney filed a notice seeking a sentencing enhancement pursuant to [§] 3147. No such notice was filed in this case."

■ It is undisputed the only notice Mr. Browning received of the possibility of a § 3147 penalty was through the presentence report and thus, he only had the opportunity to object prior to sentencing. The question of whether this notice was sufficient turns, in our judgment, on the question of whether § 3147 constitutes a separate offense of conviction or merely a sentencing enhancement.

We agree with those circuits that have held § 3147 is strictly a sentencing enhancement provision. *United States v. Jackson*, 891 F.2d 1151, 1152–53 (5th Cir.1989), *cert. denied*, 496 U.S. 939, 110 L.Ed.2d 668 (1990); *United States v. Di Pasquale*, 864 F.2d 271, 279–80 (3d Cir.1988), *cert. denied*, 492 U.S. 906, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989); *United States v. Feldhacker*, 849 F.2d 293, 298–99 (8th Cir.1988); *United States v. Pat-*

terson, 820 F.2d 1524, 1526 (9th Cir.1987). As the Third Circuit succinctly and, in our opinion, correctly concluded:

> In reaching our conclusion that § 3147 was intended only to enhance the punishments for other offenses, we are guided both by the plain language of the statute, which speaks clearly in terms of enhanced penalty—"[a] person convicted of an offense committed while released under this chapter shall be sentenced, *in addition to the sentence prescribed for the offense*" 18 U.S.C. § 3147 (Supp. IV 1986)—and by the legislative history of the provision, which reflects Congress's intent that the potential for enhanced punishment serve as a deterrent to the commission of crimes during bail release. The Senate Report of this provision noted that

> > [s]ection 3147 is designed to deter those who would pose a risk to community safety by committing another offense when released under the provision of this title and *to punish those who indeed are convicted of another offense*.... Accordingly, *this section prescribes a penalty in addition to any sentence ordered for the offense* for which the defendant was on release. This *additional penalty* is a term of imprisonment of at least two years and not more than ten if the offense committed while on release is a felony....

> *See* S.Rep. No. 225, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3217 (emphases added). This passage refers to penalty only and to the fact that that penalty is "additional" to the sentence imposed for the substantive offense for which the defendant has been convicted. It gives no indication that Congress intended to create a separate criminal offense by its enactment of § 3147....

*Di Pasquale*, 864 F.2d at 279–80. As such, we regard § 3147 as "a self-executing and

---

(2) a term of imprisonment of not more than one year if the offense is a misdemeanor.
A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

**4.** Mr. Browning states: "Since the appellant did not have sufficient notice of enhancement, Sec-

tion 2J1.7 of the Sentencing Guidelines should not have been used by the trial court in adjusting appellant's sentence." Mr. Browning does not raise the issue of notice as it relates to the validity of his guilty plea and thus, we do not address it.

mandatory provision of law, addressed by Congress to sentencing courts." *Feldhacker*, 849 F.2d at 299.

Because § 3147 is a self-executing sentence enhancement provision, we reject Mr. Browning's contention that the district court erred in calculating his sentence. Mr. Browning was notified of the possibility of this enhancement prior to sentencing and thus, had the opportunity to, and in fact did, object to it at his sentencing hearing. Therefore, his notice of the applicability of this sentencing enhancement was sufficient.

Accordingly, the judgment of the district court is **AFFIRMED.**