**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

IBRAHIM BAEZ-ACUNA,

      Defendant-Appellant.

No. 97-6131
(D.C. No. CIV-97-321-C)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

Ibrahim Baez-Acuna ("Baez-Acuna") pleaded guilty to possession with intent to distribute and distribution of cocaine, 21 U.S.C. § 846, and was sentenced to 151 months' imprisonment. (D. Ct. order at 1.) His conviction and

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentence were affirmed. United States v. Baez-Acuna, 54 F.3d 634 (10th Cir. 1995). In this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, he argues that he should be resentenced because his counsel was ineffective and because the district court improperly relied on hearsay to calculate the quantity of drugs attributable to him. The district court summarily dismissed the § 2255 motion and Baez-Acuna appeals. Having concluded that Baez-Acuna has not made a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c), we deny a certificate of appealability and dismiss the appeal.[1]

Baez-Acuna's claims stem from the conduct of two witnesses against him. Before sentencing, David Alvarez ("Alvarez") had informed officers that Baez-Acuna was responsible for 8,000 grams of cocaine (Aplnt's Br. at 2) and Deborah Guerrero ("Guerrero") had attributed 4,252.50 grams of cocaine to Baez-Acuna (Aplnt's Br. at 2). Those amounts were listed in the presentence report. (Aplnt's Br. at 2; D. Ct. order at 3.) At sentencing, Alvarez and Guerrero abjured their previous statements regarding the quantity of drugs for which Baez-Acuna was responsible. Alvarez said that his previous statement was untrue but refused to testify further. (Aplnt's Br. at 2; D. Ct. order at 3.) Guerrero testified but her

---

[1] As a result of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132 (1996), after April 24, 1996, a prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability in order to appeal the district court's denial of the § 2255 motion. See 28 U.S.C. § 2253(c).

estimate was lower than in her prior statement.  (Aplnt's Br. at 2.)  The district court allowed the officer to whom Alvarez had made his previous statements to testify about those statements (D. Ct. order at 3), and ultimately it incorporated both the 8,000 gram and 4,252.50 gram estimates into the total quantity of drugs attributable to Baez-Acuna.  (Aplnt's Br. at 2.)  Baez-Acuna now argues that his counsel was ineffective for failing to challenge these quantities or to cross-examine the witnesses competently (Aplnt's Br. at 4-5) and that the district court erred in basing its findings on the unsworn, unreliable testimony of drug addicts. (Aplnt's Br. at 7.)

A defendant has a due process right not to be sentenced on materially incorrect information.  United States v. Browning, 61 F.3d 752, 755 (10th Cir. 1995).  During sentencing, however, a district court may rely upon hearsay, "provided that the information has sufficient indicia of reliability to support its probable accuracy."  U.S.S.G. § 6A1.3(a).  The hearsay relied upon in this case bore such sufficient indicia of reliability, as the officer to whom the statements were made was able to evaluate the speakers' demeanor and was available at sentencing for cross-examination regarding those statements.  See United States v. Farnsworth, 92 F.3d 1001, 1010 (10th Cir.), cert. denied, 117 S. Ct. 596 (1996).  Further, the testimony of a drug addict is not automatically unreliable. See, e.g., Browning, 61 F.3d at 754 (affirming district court's decision that

formerly drug addicted witnesses were credible).  It is within the district court's province to make witness credibility determinations, see id., and Baez-Acuna has given us no reason to second-guess the district court's decision here.  We find no denial of Baez-Acuna's right to due process at sentencing.

Because the district court was entitled to rely on the hearsay testimony, Baez-Acuna can show neither that counsel acted unreasonably in failing to challenge the district court's actions at sentencing or on appeal, nor that Baez-Acuna was prejudiced by counsel's failure to do so.  Consequently, he has not suffered constitutionally ineffective assistance of counsel.  See Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).

We find no substantial showing that Baez-Acuna was deprived of his Sixth Amendment right to counsel or his Fifth Amendment right to due process at sentencing.  Thus, the certificate of appealability is DENIED, and the appeal is DISMISSED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

- 4 -