**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 1 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTHONY WATKINS,

    Defendant - Appellant.

No. 97-6388
(D.C. No. CR-97-33-T)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY** and **LUCERO**, Circuit Judges.

Anthony Watkins appeals the district court's decision to sentence him to 262 months imprisonment for possession with intent to distribute cocaine base, a violation of 21 U.S.C. § 841(a)(1). In arriving at that sentence, the district court attributed to the defendant 8,864.2 grams of cocaine base and 2,746.9 grams of marijuana. On appeal, Watkins alleges two errors in that specific attribution: first, that the information used to establish the attribution lacks the necessary

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

indicia of reliability, see United States v. Washington, 11 F.3d 1510, 1516 (10th Cir. 1993); and, second, that the attribution is not supported by a preponderance of the evidence before the court, see United States v. Richards, 27 F.3d 465, 468 (1994). We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

The drug quantities attributed to the defendant resulted in a base offense level of 38. That level is sustainable under the sentencing guidelines by an attribution of at least 1.5 kilograms of cocaine base. See U.S.S.G. § 2D1.1(c)(1). We review the sentencing court's attribution of drug quantities for clear error. See Richards, 27 F.3d at 468. We perceive no clear error in the attribution of at least 1.5 kilograms to Watkins.

In this case, more than 7 kilograms of cocaine base were attributed to Watkins based on the testimony of Sergeant Tyler Birdwell of the Oklahoma City Police Department. See PSI at 4; Sentencing Hr'g Tr. at 19-23, 35-36, 57-59. Sergeant Birdwell indicated that Lameisha Blackshire, a codefendant of Watkins, stated at a Rule 11 interview that she and Watkins had purchased around a pound of cocaine base from a person known only as "Jay" at least twice a month from May 1996 through the end of January 1997. See id. at 19-20, 35-36. Provided the district court could properly rely on it, Birdwell's testimony is clearly sufficient to support an attribution of at least 1.5 kilograms by a preponderance of the evidence.

A sentencing court may properly rely on testimony having a minimum indicia of reliability. See United States v. Browning, 61 F.3d 752, 754 (10th Cir. 1995). Hearsay testimony may therefore be employed for sentencing purposes. See U.S.S.G. § 6A1.3(a). We see no reason to question the reliability of Sergeant Birdwell's testimony. Though Blackshire testified at defendant's sentencing hearing that she had been misunderstood at her Rule 11 interview and that, in actuality, the defendant had never purchased cocaine base from "Jay," the district court deemed that testimony incredible. See Sentencing Hr'g Tr. at 71-72. That reasonable credibility determination is not ours to undo. See United States v. Deninno, 29 F.3d 572, 578 (10th Cir. 1994).

**AFFIRMED.** The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge