**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EDWARD LEE MCFADDEN,

    Defendant - Appellant.

Nos. 98-6421, 98-6422, 98-6423

W. D. Oklahoma

(D.C. Nos. CR-97-142-L,
CR-97-177-L, CR-97-189-L)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Edward Lee McFadden pleaded guilty in the district court to two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1),

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and one count of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. He was sentenced to three concurrent terms of 360 months' imprisonment, and now appeals his sentence. He argues that he was improperly denied a reduction for acceptance of responsibility and that his sentence was incorrectly enhanced for a leadership role in the offenses. For the reasons stated below, we disagree with McFadden and affirm his sentence.

## BACKGROUND

McFadden was involved in extensive, multistate, illegal drug distribution operations from at least 1986 until his arrest in Oklahoma City on July 16, 1997. Prior to his arrest, McFadden was named in two separate indictments for drug offenses, and after his arrest he was named in a third. The first, handed down in the Central District of California on December 3, 1987, named McFadden in 33 of 48 counts, including charges of conspiracy to distribute, distribution, and possession with intent to distribute controlled substances, as well as money laundering. The second, returned in the Southern District of Ohio on August 28, 1991, charged him with similar crimes in four counts of a 91-count indictment. The third, issued in the Western District of Oklahoma on September 3, 1997, named McFadden in 10 of 12 counts, charging (inter alia) conspiracy to distribute

and distribution of cocaine. The Ohio and California indictments were transferred to Oklahoma under Fed. R. Crim. P. 20.

On January 8, 1998, pursuant to a written plea agreement, McFadden pleaded guilty to three offenses, one from each indictment: Count 34 of the California indictment (possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1)); Count One of the Ohio indictment (conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846); and Count Twelve of the Oklahoma indictment (possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1)). The government accordingly dropped all other charges in the indictments.

The presentence investigation report (PSR) concerned only the Ohio and Oklahoma cases, because the California case involved conduct occurring prior to the applicability of the Sentencing Guidelines. The PSR, however, used the California conduct as relevant conduct under USSG § 1B1.3. See PSR at 14 ¶ 61. The PSR calculated McFadden's criminal history category to be I and his offense level to be 42, including a base offense level of 38 (for distributing more than 100 kilograms of cocaine and cocaine base), with a 4-point enhancement under § 3B1.1(a) for a leadership role in the offense. McFadden filed objections to the PSR regarding the drug quantities, the leadership enhancement, and the denial of a reduction for acceptance of responsibility. The probation officer filed a detailed

response, rejecting McFadden's arguments as to drug quantities and acceptance of responsibility, but reducing the leadership enhancement to 3 points under § 3B1.1(b). This resulted in a recommended offense level of 41. [1] Prior to sentencing, McFadden withdrew his objections to drug quantities in the PSR.

McFadden was sentenced in all three cases on October 15, 1998. After hearing one government witness and arguments from both the government and McFadden, the court overruled McFadden's remaining objections and adopted the recommendation of the PSR for the Ohio and Oklahoma cases. Within the guideline range of 324-405 months' imprisonment, the court imposed 360 months for each count, to run concurrently. In the California case, within the statutory range of 5 to 40 years, the court imposed a concurrent sentence of 30 years.

## DISCUSSION

Because it is undisputed that the California case is not subject to the Sentencing Guidelines, we consider McFadden's appeal (which raises only issues related to the Sentencing Guidelines) to be limited to his sentences in the other two cases.

---

[1]The Addendum to the PSR at one place lists an offense level of 40. This is inconsistent with the calculations in the PSR, and at sentencing, the probation officer confirmed that the Addendum was erroneous and that the recommended offense level was 41. See App. at 81-82.

## A. Aggravating Role

McFadden contends that the district court improperly enhanced his offense

level under USSG § 3B1.1, [2] which provides as follows:

> Based on the defendant's role in the offense, increase the offense
> level as follows:
>
> (a)      If the defendant was an organizer or leader of a criminal
> activity that involved five or more participants or was
> otherwise extensive, increase by 4 levels.
>
> (b)      If the defendant was a manager or supervisor (but not an
> organizer or leader) and the criminal activity involved five or
> more participants or was otherwise extensive, increase by 3
> levels.
>
> (c)      If the defendant was an organizer, leader, manager, or
> supervisor in any criminal activity other than described in (a)
> or (b), increase by 2 levels.

McFadden's offense level was increased by 3 levels under § 3B1.1(b). At

sentencing he asked for a 2-level enhancement under § 3B1.1(c), arguing that the

government had not shown that the criminal activity involved five or more

participants. See App. at 67. The court concluded both that five or more

participants were involved and that the criminal activity was "otherwise

extensive." McFadden does not contest this conclusion on appeal; he argues only

---

[2]All USSG references are to the 1997 guidelines, which were used in this
case. See PSR at 14 ¶ 61.

that at sentencing there was no sufficiently reliable evidence that he exercised direct control over any other person, and that therefore he was not shown to be a manager or supervisor. [3] In other words, on appeal, McFadden is arguing that § 3B1.1 does not apply at all.

The terms "manager" and "supervisor" apply only to those defendants who "exercised some degree of control over others involved in the commission of the offense" of conviction, or were "responsible for organizing others for the purpose of carrying out the crime." United States v. Roberts, 14 F.3d 502, 523 (10th Cir. 1993). The government need show only that a defendant exercised leadership control over at least one other person. See United States v. Cruz Camacho, 137 F.3d 1220, 1224 (10th Cir. 1998). At sentencing the government presented testimony from Adrian Satchell that he delivered cocaine and collected money for McFadden, shuttling between Oklahoma and Chicago, Detroit, and Minneapolis. Satchell testified that McFadden told him exact amounts of money to collect, how to handle partial payments, what phone numbers to call, what highways to use, a time of day to leave, and a time of day to return, and that McFadden reprimanded him on the occasions that he did not follow these orders in every particular.

---

[3]McFadden made a similar argument in his objections to the PSR. See PSR at 24 ("Counsel [for McFadden] asserts the government failed to show by a preponderance of the evidence that the defendant was a[] . . . manager or supervisor of any criminal activity.").

Satchell testified that McFadden also supervised numerous other persons, some of which he named but others he did not.

McFadden's argues that Satchell was not a sufficiently reliable witness to carry the government's burden of proof. He points out that Satchell completely avoided criminal charges by testifying, and that Satchell's testimony contained various inconsistencies. However, the court was presumably well aware of these facts, and it nevertheless found Satchell to be "an extremely credible witness." App. at 9. "Witness credibility at sentencing is a question for the district court, and we find no reason to second-guess the court's credibility assessments in this case." United States v. Browning, 61 F.3d 752, 754-55 (10th Cir. 1995) (citation and footnote omitted). Especially given the fact that McFadden was given the opportunity to cross-examine Satchell (which he did) and to present evidence of his own (which he did not), we find no error in the district court's reliance on Satchell's testimony. Even uncorroborated hearsay may be considered, so long as a defendant has had an opportunity to rebut or explain the evidence, see United States v. Beaulieu, 893 F.2d 1177, 1179 (10th Cir. 1990), and this live testimony was far from hearsay. Furthermore, although Satchell's testimony may have contained minor inconsistencies, it appears from the record to have been both detailed and thorough. We therefore uphold the leadership enhancement.

**B. Acceptance of Responsibility**

McFadden also argues that the district court erred in refusing an offense level reduction under USSG § 3E1.1 for acceptance of responsibility. We review the district court's decision only for clear error. _See_ _United States v. Janusz_, 135 F.3d 1319, 1325 (10th Cir. 1998). The district court's decision "is entitled to great deference" because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." USSG § 3E1.1, comment. (n.5).

The district court determined that although McFadden pleaded guilty to the offenses for which he was sentenced, he "has continued to act inconsistent with the acceptance of responsibility from the first indictment forward." App. at 77-78. While the court indicated that McFadden's guilty pleas were "a major consideration," _id._ at 78, it concluded that several factors outweighed the pleas. These factors included (1) McFadden's continuing criminal activity until his arrest, despite outstanding indictments; (2) his unfounded and extensive objections to drug quantities in the PSR, which "were withdrawn only after the Defendant and Counsel realized it may affect their acceptance of responsibility," _id._ at 77; and (3) his unsupported, "continual objection" to his "role in the offense," _id._

We find no clear error in the district court's decision to deny the reduction. A guilty plea alone does not entitle a defendant to a § 3E1.1 adjustment, <u>see</u> USSG § 3E1.1, comment. (n.3), and the three countervailing factors relied on by the court were legally appropriate and were supported by the record. On appeal, McFadden does not dispute that he continued his illegal activities right up to the time he was arrested; this factor is referenced in the commentary to § 3E1.1. <u>See</u> <u>id.</u>, comment. (nn.1(b), 1(d)) (listing as "appropriate considerations" both "voluntary termination or withdrawal from criminal conduct" and "voluntary surrender to authorities promptly after commission of the offense" ).

Furthermore, the court was free to conclude, in view of the extensive support in the PSR for the drug quantity calculations, that McFadden's objections to those drug quantities (although eventually withdrawn) constituted a false denial of or frivolous contest to relevant conduct, "inconsistent with acceptance of responsibility." <u>Id.</u>, comment. (n.1(a)). McFadden contends that withdrawing these objections indicated acceptance of responsibility. He argues that he was improperly punished for this action, because the district court concluded from the fact of withdrawal and from the specific timing of the withdrawal that the objections were not legitimate. However, even assuming that McFadden is correct and that the withdrawal of the objections indicated some acceptance of responsibility for those drug quantities, timeliness is a relevant factor under

§ 3E1.1.  See id., comment. (n.1(h)).  McFadden withdrew his objections only after the probation officer had already filed a detailed response to the objections.  And, as the district court noted, McFadden's objections had already raised the possibility of "almost having a trial, a separate trial on relevant conduct."  App. at 77.

Finally, the court was justified in concluding that McFadden had falsely minimized his role in the offense.  At sentencing, McFadden challenged the factual basis for the leadership enhancement (i.e., the number of people involved in the criminal activity), not simply a legal characterization of uncontested facts.  The record adequately supports the court's determination that McFadden's arguments under USSG § 3B1.1(b) lacked factual basis.

Accordingly, we find no clear error in the district court's denial of a reduction for acceptance of responsibility.

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge