FILED
United States Court of Appeals
Tenth Circuit

April 14, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ETHELWALDO TORRES
RODRIGUEZ, a/k/a Waldy,

Defendant-Appellant.

No. 07-5090

(N.D. of Okla.)

(D.C. No. CR-06-131-JHP)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Ethelwaldo Torres Rodriguez pleaded guilty to possession with an intent to distribute a controlled substance. At sentencing, the district court found Rodriguez had possessed 6.99 kilograms of methamphetamine during the course of his criminal conduct. Based on this finding, the court sentenced Rodriguez to 250 months imprisonment.

Rodriguez contests the basis for the court's finding of 6.99 kilograms. He argues the government's primary witness was not credible and certain statements

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Rodriguez made to police should not have been considered at sentencing. Absent reliance upon that evidence, Rodriguez argues his base offense level would have been much lower under the United States Sentencing Guidelines.

We find no error in the court's analysis. Exercising jurisdiction under 28 U.S.C. § 1291, we therefore AFFIRM.

## I. Background

Rodriguez pleaded guilty to possession with an intent to distribute methamphetamine. After accepting Rodriguez's guilty plea, the district court ordered the probation office to gather information relevant to the sentencing decision. In accordance with Rule 32 of the Federal Rules of Criminal Procedure, a probation officer conducted a presentence investigation and prepared a presentence report for the court.

*A. Presentence Report*

The probation officer's presentence report (PSR) contained facts pertaining to the amount of drugs Rodriguez had possessed during the offense, as well as Rodriguez's criminal background. The amount of drugs was estimated at 6.99 kilograms, which was calculated over a period of time covering Rodriguez's drug deliveries, from mid-2004 to early 2006. A methamphetamine dealer, Larry McDonald, supplied most of the facts supporting this estimate. Rodriguez's criminal background revealed multiple prior convictions. Based on the amount of

drugs and his criminal background, the probation officer recommended a range of imprisonment to the district court of 235 to 293 months.

As additional support, the probation officer also included in the PSR statements made by Rodriguez on the night of his arrest. When arrested, Rodriguez told police he had purchased one-half pound to two pounds (226.8 grams to 907.2 grams) of methamphetamine each month for the immediately preceding eight months. In aggregate, Rodriguez's estimate amounted to as much as 7.26 kilograms of methamphetamine. The probation officer included Rodriguez's statements in the PSR, but did not rely upon them for purposes of calculating a sentencing recommendation.

After the PSR was filed, Rodriguez lodged one primary objection. He objected to the use of McDonald's statements to establish Rodriguez had possessed 6.99 kilograms of methamphetamine. Rodriguez argued McDonald's statements were not credible. Neither party objected to the portion of the PSR that included Rodriguez's statements that he had possessed up to 7.26 kilograms of methamphetamine over an eight-month period.

*B. Sentencing Hearing*

At the sentencing hearing, the prosecution called three witnesses to the stand to establish the facts set forth in the PSR. McDonald testified in accordance with his earlier statements concerning his drug transactions with Rodriguez. He stated specifically that Rodriguez had possessed 10 to 15 pounds (4.53 to 6.80

-3-

kilograms) of methamphetamine from approximately the summer of 2004 to January, 2006. McDonald's wife and another witness, Jeffrey Harper, provided additional testimony corroborating McDonald's statements. The defense called an ATF agent to rebut McDonald's testimony.

After the hearing, the district court made a factual finding that Rodriguez had possessed 6.99 kilograms of methamphetamine. The court relied on McDonald's testimony at the hearing, as well as Rodriguez's statements to the police on the night of his arrest. The court explicitly found McDonald was credible, thereby rejecting the defendant's contentions to the contrary. Based on the 6.99 kilogram amount (as well as Rodriguez's criminal history), the court found the appropriate Guidelines range of imprisonment was 235 to 293 months. The court sentenced Rodriguez to 250 months imprisonment.

## II. Discussion

Rodriguez challenges the district court's finding that he possessed 6.99 kilograms of methamphetamine. At sentencing, the government has the burden of proving the amount of drugs possessed by the defendant by a preponderance of the evidence. *United States v. Hernandez*, 509 F.3d 1290, 1298 (10th Cir. 2007). A district court's drug quantity determination will be upheld unless "clearly erroneous," which, in other words, means "we are left with the definite and firm conviction that a mistake has been made." *United States v. Todd*, 515 F.3d 1128, 1135 (10th Cir. 2008). Rodriguez argues that absent two errors made by the

-4-

district court, the government would have failed to meet its burden. In particular, he argues the district court clearly erred by: (1) finding McDonald's testimony credible, and (2) relying upon Rodriguez's statements to police. We examine each issue in turn.

*A. McDonald's Credibility*

"Our review of a district court's determination of a witness's credibility at sentencing is extremely deferential." *United States v. Payton*, 405 F.3d 1168, 1171 (10th Cir. 2005). "The credibility of a witness at sentencing is for the sentencing court, who is the trier of fact, to analyze." *United States v. Virgen-Chavarin,* 350 F.3d 1122, 1134 (10th Cir. 2003) (quoting *United States v. Deninno*, 29 F.3d 572, 578 (10th Cir. 1994)). A district court may credit a witness's testimony regarding drug quantities if the testimony contains "a minimum indicia of reliability." *United States v. Edwards*, 69 F.3d 419, 438 (10th Cir. 1995).

Rodriguez challenges McDonald's testimony because of alleged factual errors regarding when McDonald and Rodriguez met for some of the transactions and McDonald's estimates of the drug quantities. As an initial matter, Rodriguez is correct that McDonald erred on the exact dates of his association with Rodriguez. McDonald testified at the sentencing hearing that he dealt with Rodriguez during a time when Rodriguez was for the most part in jail (summer of

2004 to February of 2005). The district court candidly recognized the discrepancy but concluded it did not destroy McDonald's credibility.

McDonald provided sufficient other background facts to establish his credibility. These facts included: (1) some of the transactions occurred after Rodriguez was released from prison; (2) during that time, McDonald and Rodriguez purchased about a pound of methamphetamine per month; and (3) the cost of the methamphetamine was approximately $9,000/pound. The court also recognized: (1) McDonald's wife and a fellow drug distributor, Harper, corroborated McDonald's primary testimony; (2) McDonald had previously told police officers he dealt with Rodriguez for about a year, distributing an amount of about ten pounds (4.5 kilograms) of methamphetamine; and (3) Rodriguez's own statements to police corroborated the amounts identified by the witnesses at the sentencing hearing. In addition, the large sums of cash found at Rodriguez's home when he was arrested further bolstered McDonald's testimony that Rodriguez was dealing in large quantities of methamphetamine.

After listening to all four of the witnesses who testified at the sentencing hearing, and observing their demeanor and memory, the court concluded McDonald was sufficiently credible as to drug quantities despite errors in his testimony. We see no reason to overturn the district court's determination that McDonald's testimony contained a minimum indicia of reliability and was therefore credible. *See, e.g.*, *United States v. Browning*, 61 F.3d 752, 754 (10th

Cir. 1995) (upholding district court's credibility determinations because the witnesses' testimony contained a "minimum indicia of reliability").

We therefore affirm the district court on this issue.

*B. Rodriguez's Statements*

We review the district court's reliance upon Rodriguez's statements at sentencing for clear error. *United States v. Garcia*, 78 F.3d 1457, 1462 (10th Cir. 1996). A district court has considerable discretion in finding facts relevant to determining a defendant's sentence. "The determination of a convicted offender's sentence is a matter within the discretion of the sentencing judge." *Id.* This court has never read either the Guidelines or the Federal Rules of Criminal Procedure as "limiting the judge's ability to determine facts relevant to the sentencing decision." *Id.* at 1463 n.6.

Rodriguez argues the district court should not have relied on his statements to police in determining his sentence. He contends Rule 32 of the Federal Rules of Criminal Procedure limits the court's discretion to consider facts not relied upon by the probation officer in calculating a sentencing recommendation in the PSR.

The argument is unpersuasive on several scores. First, we have repeatedly held that a district court has considerable discretion to find facts relevant to determining a defendant's sentence. In *United States v. Garcia*, 78 F.3d 1457 (10th Cir. 1996), for example, we affirmed the district court's decision to hear

testimony from two confidential informants even though both parties believed the informants were not credible, and the government did not rely on them in its sentencing calculation. We nonetheless determined the court's decision to call the witnesses to the stand was within the scope of its power and duty to gather all facts relevant to the sentencing decision. *Id.* at 1462–63. We noted the considerable discretion and responsibility a district court shoulders in the area of sentencing, concluding: "The judge remains ultimately responsible for determining the facts and must establish the relevant facts even if all the parties argue to the contrary." *Id.* at 1463 n.6.

Second, nothing in Rule 32 prevents a district court from relying upon facts in the PSR simply because the probation officer writing the PSR chooses not to. *See* Fed. R. Crim. Proc. 32. Nor is this a case of unfair surprise or unreliable evidence. *See, e.g.*, *United States v. Rakes*, 510 F.3d 1280, 1286 (10th Cir. 2007) (observing Rule 32 aims to (1) give the parties notice of evidence the court will rely upon in sentencing, and (2) minimize the chance the court will consider unreliable evidence). Because Rodriguez's statements were contained in the PSR submitted to the court, both sides were on notice the district court could rely upon them in its sentencing decision. If Rodriguez thought his statements were unreliable or inadmissible, he was obliged to contest them. *See, e.g.*, *United States v. Cereceres-Zavala*, 499 F.3d 1211, 1215–16 (10th Cir. 2007) ("[T]o invoke the district court's Rule 32 fact-finding obligation, the defendant is

required to make specific allegations of factual inaccuracy." (internal quotation marks omitted)).

Finally, we note that the government offered to continue the hearing so the parties could challenge the court's findings in the PSR pertaining to Rodriguez's statements, but Rodriguez chose to proceed to sentencing. Because we find no error in the district court's reliance upon Rodriguez's statements to the police in corroborating the amount of drugs he possessed during the course of his criminal conduct, we affirm the district court on this issue.

### III. Conclusion

For the reasons set forth above, we AFFIRM.

Entered for the court,

Timothy M. Tymkovich
Circuit Judge