FILED
United States Court of Appeals
Tenth Circuit

April 19, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ETHELWALDO TORRES
RODRIGUEZ,

Defendant-Appellant.

No. 10-5141

(D.C. No.CV-09-00696-JHP &
CR-06-00131-JHP)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE,** Chief Judge**, ANDERSON** and **MURPHY,** Circuit Judges.

---

Ethelwaldo Torres Rodriguez (Rodriguez), a federal prisoner appearing pro se,

seeks a certificate of appealability (COA) in order to challenge the district court's denial

of his 28 U.S.C. § 2255 petition for a writ of habeas corpus. Because Rodriguez has

failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss

this matter.

I

On August 30, 2006, Rodriguez pled guilty to possession of methamphetamine in

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). On April 30, 2007, the district court sentenced Rodriguez to a term of 250 months' imprisonment and five years of supervised release. Rodriguez appealed to this court, challenging the district court's findings regarding the amount of methamphetamine found in his possession. On April 14, 2008, we affirmed Rodriguez's sentence in an unpublished opinion. United States v. Rodriguez, 285 F. App'x 518, 522 (10th Cir. 2008). Rodriguez then filed a petition for a writ of certiorari with the United States Supreme Court, which the Court denied on October 6, 2008.

On October 21, 2009, Rodriguez filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging that he received ineffective assistance from his trial counsel in violation of his Sixth Amendment rights. The district court denied Rodriguez's § 2255 petition because it was not timely filed. Following the district court's order, Rodriguez filed with this court a notice of appeal and a request for a COA.

II

A petitioner must obtain a COA in order to appeal a district court's denial of a habeas petition. 28 U.S.C. § 2253. A COA may be issued only upon a "substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claim on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

2

III

Under 28 U.S.C. § 2255(f)(1), an individual has one year from the date a judgment of conviction becomes final to file a petition for habeas relief. In this case, Rodriguez's judgment of conviction became final on October 6, 2008, when the Supreme Court denied his petition for certiorari. Thus, Rodriguez had until October 6, 2009 to file a habeas petition. Although Rodriguez argues that he mailed the petition on October 4, 2009, the district court concluded that he filed the petition on October 21 and denied the petition based on the one-year statute of limitations.

Rodriguez argues that his petition was timely under the prisoner mailbox rule. The mailbox rule states that an inmate who places a habeas petition "in the prison's internal mail system will be treated as having 'filed' [the petition] on the date it is given to prison authorities for mailing to the court." Price v. Philpot, 420 F.3d 1158, 1165 (10th Cir. 2005) (citing Houston v. Lack, 487 U.S. 266, 276 (1988)). "However, the inmate must attest that such a timely filing was made and has the burden of proof on this issue." Id. (citing United States v. Ceballos-Martinez, 387 F.3d 1140, 1143 (10th Cir. 2004)). In order to establish timely filing, an inmate must either (1) prove that he made timely use of the prison's legal mail system if a satisfactory system is available; or (2) if a legal mail system is not available, prove timely use of the prison's regular mail system by submitting a notarized statement or a declaration under penalty of perjury indicating the date on which the document was given to prison officials for mailing. Id. (citing Ceballos-Martinez, 387 F.3d at 1144-45).

3

Rodriguez claims his habeas petition was timely because he placed it in the prison mail system on October 4, 2009. He wrote on the outside of the envelope that the petition was "Put in mailbox 10-4-09 Before the 10-6-09 deadline." ROA Vol. 1, at 31. Rodriguez also affirmed in the petition itself that "under penalty of perjury" the petition was placed "in the prison mailing system on 10-3-[09]."[1] Id. at 25.

Despite evidence that Rodriguez mailed the petition by October 4, the district court did not receive the petition until October 21 because Rodriguez placed the wrong address on the envelope. Although he indicated that the letter was to go to the "Federal Courthouse", Rodriguez wrote the address for the United States Attorney's Office in Tulsa, Oklahoma, rather than the correct address for the federal courthouse in Tulsa. Id. at 31. The United States Attorney's Office forwarded the petition to the courthouse, but it did not arrive until October 21. After receiving the habeas petition, the district court ordered Rodriguez to provide it with "a certified copy of the prison mail log showing that he placed his pleading in the prison mail system on or before October 6, 2009." Id. at 72. The district court stated that if Rodriguez "fail[ed] to establish that the envelope was, in fact, placed in the prison mail system on or before October 6, 2009, his motion [would] be dismissed as untimely." Id.

In response to the district court's order, Rodriguez submitted a document from "D. Lloyd", a counselor at the Federal Correctional Complex in Forrest City, Arkansas. Id. at

---

[1] Rodriguez actually stated in his habeas petition that the petition was mailed on "10-3-06." We assume that Rodriguez meant to indicate that the petition was mailed in 2009, not 2006.

76. According to Lloyd, Rodriguez "sent the letter to [the] court on October 4, 2009 . . . [but] did not send it certified so there is no way to track it from [the prison] to [the] court." Id. Nonetheless, Lloyd stated that he "talked to Rodriguez [on] October 4, 2009 about his case" and Rodriguez told him he was mailing the letter to [the] court" that day. Id. Because Lloyd "was going in the direction of the institutional mail room, [he] escorted Rodriguez[] to the mail officer and witnessed him give the letter to the officer." Id. Despite Lloyd's statement on this matter, the district court concluded that Rodriguez's habeas petition was untimely because he "was ultimately responsible for having his Motion to Vacate delivered to the United States Attorney's Office and the motion was not filed for more than fourteen days after the statute of limitations expired . . ." Id. at 81.

We deny Rodriguez's request for a COA because his habeas petition is barred by the one-year statute of limitations.[2] Although Rodriguez affirmed under penalty of perjury that he mailed his petition prior to the October 6 deadline, see id. at 25, he has not demonstrated—as is required in this circuit—that he did not have access to a legal mail system and thus could send his petition through regular mail and still qualify for the mailbox rule. See Price, 420 F.3d at 1166 (the mailbox rule does not apply when an inmate mails a document through the prison's regular mail system without establishing

---

[2] The district court denied Rodriguez's habeas petition in large part because he sent his petition to the wrong address. Rather than determine whether an inmate qualifies for the mailbox rule when he uses an incorrect mailing address, we deny Rodriguez's request for a COA because he failed to otherwise qualify for the mailbox rule under the criteria set forth in Price v. Philpot, 420 F.3d 1158, (10th Cir. 2005).

that the jail did not have a legal mail system).  Neither does the fact that a counselor in the prison saw Rodriguez place the letter in the "institutional mail" system avail Rodriguez of the mailbox rule.  ROA Vol. 1, at 72.  We have made clear that "[a]lleging . . . use[] [of the] 'institutional mails' is insufficient to connote use of the 'legal mail system.'"  Price, 420 F.3d at 1166.  Because an inmate must prove his compliance with the mailbox rule and because Rodriguez has neither alleged nor proven that the prison in which he is incarcerated does not have a legal mail system, the mailbox rule is inapplicable here.  We therefore conclude that his habeas petition was untimely, and we deny his request for a COA.

IV

Accordingly, Rodriguez's request for a COA is DENIED and this matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Chief Judge