**[PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

_____

No. 96-9293

_____

D.C. Docket No. 1:95-CR-79

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

   versus

JOHN FRANCIS BOZZA,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 8, 1998)**

Before HATCHETT, Chief Judge, EDMONDSON and COX, Circuit Judges.

HATCHETT, Chief Judge:

In this criminal case, the appellant challenges, among other things, the district

court's imposition of a sentencing enhancement pursuant to 18 U.S.C. § 3147 and

U.S.S.G. § 2J1.7. We affirm the judgment of the district court.

## BACKGROUND

In February 1995, a federal grand jury in the Northern District of Georgia indicted

appellant John Bozza on three counts of falsely impersonating a federal official in

violation of 18 U.S.C. § 912, and two counts of travel fraud in violation of 18 U.S.C. §

2314. In November 1995, one week before the trial was scheduled to begin, Bozza

pleaded guilty to all five counts. Thereafter, the probation office prepared an initial

presentence investigation report (PSR), calculating a sentencing guideline range of sixty-

three to seventy-eight months. Bozza's appointed counsel subsequently moved to

withdraw from the case, in part due to Bozza's dissatisfaction with her. The district court

ultimately granted the withdrawal.

In January 1996, the government filed a notice of sentencing enhancement

pursuant to 18 U.S.C. § 3147 because Bozza had committed the instant offenses while

released on bond for a prior conviction.[1] In May 1996, Bozza -- through new counsel --

filed a motion to withdraw his guilty plea, which the court denied. In October 1996, the

probation office issued a revised PSR, recalculating Bozza's custody guideline range as

110 to 137 months based, in part, on the section 3147 enhancement. Thereafter, the court

---

[1] Bozza previously pleaded guilty to impersonating a federal agent and was
released on bond pending the appeal of his sentence therefrom.

sentenced Bozza to thirty-six months of imprisonment for each of the false impersonation charges and ninety-five months for each travel fraud count -- all to run concurrently. The ninety-five month sentence, however, was to run consecutively with the federal prison sentence Bozza was serving for his prior conviction. The court also sentenced Bozza to an additional consecutive prison term of one month pursuant to section 3147, a three-year supervised release term, a special assessment of $250 and restitution in the amount of $174,415.86.

## ISSUE

The sole issue we discuss is whether the district court erred in imposing a sentencing enhancement pursuant to 18 U.S.C. § 3147 and U.S.S.G. § 2J1.7 without having first notified Bozza, prior to accepting his plea of guilty, of the possible enhancement.[2]

## DISCUSSION

Bozza contends that the government failed to provide adequate notice of its intention to seek a sentencing enhancement. Bozza argues that section 2J1.7's commentary requires that he receive sufficient notice before the government may seek such an enhancement, and that "sufficient" means prior to trial or the entry of a plea. Bozza also asserts that the lack of notice violated Federal Rule of Criminal Procedure 11

---

[2] Bozza also contends that the district court (1) erred in denying his motion to withdraw his guilty plea; and (2) engaged in impermissible double-counting when it assessed two sentencing enhancements based on the same conduct. We find these issues to be devoid of merit, and therefore affirm without discussion. See 11th Cir. R. 36-1.

3

and thus invalidated his guilty plea. The government responds that Bozza received sufficient notice on three different occasions that he was subject to a sentencing enhancement pursuant to section 2J1.7 and section 3147: (1) when he signed his release bond for his prior conviction; (2) when, prior to sentencing, the government filed a notice seeking a sentencing enhancement; and (3) in the revised PSR.[3]

We review the district court's interpretation and application of the sentencing guidelines de novo. United States v. Lewis, 115 F.3d 1531, 1536 (11th Cir. 1997). Title 18 U.S.C. § 3147 provides in pertinent part:

> A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense[,] to . . . a term of imprisonment of not more than ten years if the offense is a felony . . . . A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

18 U.S.C.A. § 3147 (West 1997). When section 3147 is applicable, section 2J1.7 requires the court to "add 3 levels to the offense level for the offense committed while on release as if this section were a specific offense characteristic contained in the offense guideline for the offense committed while on release." U.S. Sentencing Guidelines Manual § 2J1.7

---

[3] On June 5, 1992, Bozza signed the Order Setting Conditions of Release, which provides in pertinent part:

> The commission of any crime while on pre-trial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

(1995). The commentary to section 2J1.7, however, indicates that the court or the government must give the defendant "sufficient notice" before the court may enhance the defendant's sentence. See U.S. Sentencing Guidelines Manual § 2J1.7 comment. (backg'd) (1995). The guidelines do not indicate what constitutes such notice.

We conclude that section 2J1.7 does not require a district court to notify the defendant of the sentencing enhancement prior to accepting his or her guilty plea. But see United States v. Pierce, 5 F.3d 791, 793-94 (5th Cir. 1993) (holding that the court erred in failing to inform the defendant of the section 3147 enhancement prior to accepting his plea, but concluding that any error was harmless under the facts of that case). In United States v. Browning, 61 F.3d 752, 755 (10th Cir. 1995), the district court enhanced the defendant's sentence three levels pursuant to section 2J1.7. It was undisputed that only the PSR provided the defendant with notification of the possible enhancement. Browning, 61 F.3d at 756. The Tenth Circuit held that the notice of the enhancement was sufficient because the defendant received the notice prior to sentencing and thus had the opportunity to object to the enhancement. Browning, 61 F.3d at 757. We find Browning persuasive, and its holding defeats Bozza's claim. It is clear that Bozza had notice of the possible enhancement from the release bond for his prior conviction, the government's notice seeking a sentencing enhancement, and the revised PSR. Like Browning, Bozza had the opportunity to, and in fact did, object to the enhancement prior to sentencing.

In addition, Bozza's contention that his purported lack of notice of the possible enhancement violated Rule 11 is without merit. See Fed. R. Crim. P. 11(c)(1) advisory

committee notes (1989) ("Since it will be impracticable, if not impossible, to know which guidelines will be relevant prior to the formulation of a presentence report and resolution of disputed facts, [Rule 11(c)(1)] does not require the court to specify which guidelines will be important or which grounds for departure might prove to be significant."); United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990) ("The [1989] amendment [to Rule 11(c)(1)] requires the court to inform the defendant that it must consider the Guidelines but that it may depart therefrom. . . . [T]he amended rule does not oblige the court to explain which guidelines will be relevant before accepting a plea.") (discussing the career offender enhancement pursuant to U.S.S.G. § 4B1.1), cert. denied, 498 U.S. 1093 (1991).

## CONCLUSION

For the foregoing reasons, we conclude that the district court did not err in imposing a sentencing enhancement pursuant to section 3147 and section 2J1.7 without having notified Bozza of the enhancement prior to the entry of his guilty plea. We affirm the judgment of the district court.

**AFFIRMED.**