[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 17, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11484
Non-Argument Calendar

_____

D. C. Docket No. 03-00431-CR-BBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAL MINEO SIMPSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 17, 2005)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Sal Mineo Simpson appeals his conviction upon a plea of guilty to bank

robbery, in violation of 18 U.S.C. § 2113(a) and (d).  Simpson contends that he did

not understand the consequences of pleading guilty because the district court erred

when it failed to ensure that he fully understood the application of specific offense

characteristics of the Sentencing Guidelines to the facts of his case as, he submits,

Fed. R. Crim P. required the court to do.  We find no error and therefore affirm

Simpson's sentence.

Three core principles must be addressed by a court accepting a guilty plea:

"(1) the guilty plea must be free from coercion; (2) the defendant must understand

the nature of the charges; and (3) the defendant must know and understand the

consequences of his guilty plea."  United States v. Jones, 143 F.3d 1417,

1418-1419 (11th Cir. 1998).  Rule 11 mandates that before a district court accepts a

defendant's guilty plea, it must inform the defendant of and determine that the

defendant understands "the nature of each charge to which the defendant is

pleading" and "the court's obligation to apply the Sentencing Guidelines, and the

court's discretion to depart from those guidelines under some circumstances."

Fed. R. Crim. P. 11(b)(1)(G), (M).  With respect to the Sentencing Guidelines,

> [s]ince it will be impracticable, if not impossible, to know which
> guidelines will be relevant prior to the formulation of a presentence
> report and resolution of disputed facts . . . the court [is not required] to
> specify which guidelines will be important or which grounds for
> departure might prove to be significant. The advice that the court is
> required to give cannot guarantee that a defendant who pleads guilty

will not later claim a lack of understanding as to the importance of guidelines at the time of the plea.  No advice is likely to serve as a complete protection against post-plea claims of ignorance or confusion. By giving the advice, the court places the defendant and defense counsel on notice of the importance that guidelines may play in sentencing.

Fed. R. Crim. P. 11, 1989 advisory committee's note.  Where the court elicits that a defendant is aware of the Guidelines, and that the defendant has discussed the effect of the Guidelines with his attorney, Rule 11 compliance has occurred. United States v. Mosley, 173 F.3d 1318, 1328 (11th Cir. 1999) (defendant not informed of potential supervised release term).  Failure of the court to give notice of a potential guideline enhancement prior to accepting a guilty plea is not a Rule 11 violation.  See United States v. Bozza, 132 F.3d 659, 661 (11th Cir. 1998) (sentence appeal concerning U.S.S.G. § 2J1.7 enhancement).

The record reflects that the district court fully complied with Rule 11 and that the three core concerns were addressed.  The court made sure that Simpson's plea was free from coercion when it elicited from Simpson that (1) no one promised him anything not contained in the plea agreement, (2) no one promised him what his specific sentence would be, and (3) he was not threatened into pleading guilty or told to tell anything other than the truth.  The court further made sure that Simpson understood the nature of the charges against him by finding him competent to understand the proceedings and having the Government go over the

facts of the robbery and the elements of the crime. Lastly, the court made sure that Simpson understood the consequences of pleading guilty. The court addressed the constitutional rights he was relinquishing by pleading guilty, went over the maximum penalties, asked if he and his lawyer had discussed the Sentencing Guidelines in the context of his case, and informed him that once a presentence report had been prepared, that it could, in some circumstances, depart from the applicable guideline range.

Contrary to Simpson's argument, the court was not obligated by Rule 11(b)(1)(M) to do any more than this. Informing Simpson that the Sentencing Guidelines would apply and determining that he had discussed them with his attorney was sufficient for Rule 11 purposes. See Mosley, 173 F.3d at 1328. As the 1989 advisory committee notes to Rule 11 make clear, "the court [is not required] to specify which guidelines will be important or which grounds for departure might prove to be significant" given the difficulties of knowing these things before a presentence report is prepared; it need only impress on a defendant the importance the Guidelines "may play at sentencing." In this instance, the court did, in fact, address specific enhancements and how they might apply to Simpson's case.

To the extent that Simpson is arguing that his sentence is too long because of

his lack of understanding of the Sentencing Guidelines, this argument is barred by the sentence appeal waiver contained in his plea agreement. We will uphold such appeal waivers if they are entered into knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). The district court specifically addressed whether or not the appeal waiver was in Simpson's best interests. Though Simpson's counsel conceded that it would not be in Simpson's best interests if "if it results in a higher sentence than if he pled to count one and two," he also stated that he hoped to reduce Simpson's sentence in other ways. Simpson also acknowledged that he understood everything. As such, his appeal waiver is valid and serves to bar his arguments that his ultimate sentence is too long.

Simpson's objections based on Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), occurred after his plea had been accepted by the district court and have no bearing on whether or not Simpson understood the consequences of his plea at the time the court accepted it. Furthermore, since Blakely had not yet been decided at the time Simpson pled guilty, there was no way the court could have ensured that he knew how the decision would impact the guidelines' calculation. Importantly, he did not seek to withdraw his guilty plea after Blakely and United States v. Booker, 543 U.S.___, ___, 125 S.Ct. 738, 765-66, 160 L.Ed.2d 621 (2005), issued, or retract the district court's acceptance of the

plea agreement.  See <u>United States v. Howle</u>, 166 F.3d 1166, 1169 (11th Cir. 1999) (noting that, under the Sentencing Guidelines, "a court's acceptance or rejection of a plea agreement is not final until after the court has had the opportunity to consider" the PSI).

**AFFIRMED.**