[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 16, 2007
THOMAS K. KAHN
CLERK

No. 05-16491
Non-Argument Calendar

_____

D. C. Docket No. 05-14028-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY WAYNE MAKRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 16, 2007)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Corey Wayne Makris appeals his conviction for possession with intent to

distribute five or more grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Makris contends that we should reverse his conviction because the district court did not ensure that he fully understood the consequences of his guilty plea. Specifically, he argues that the district court failed to explain during the Federal Rule of Criminal Procedure Rule 11 colloquy that by signing the plea agreement he was stipulating to his status as a career offender under U.S.S.G. § 4B1.1 and that such a stipulation would impact his sentencing. He claims that an inquiry into his understanding of these matters was required because the career offender classification is complex and has a drastic effect on the guidelines calculations and the ultimate sentence imposed.

Because the parties do not dispute that Makris failed to raise the issue before the district court, we review this alleged Rule 11 violation only for plain error. United States v. James, 210 F.3d 1342, 1343 (11th Cir. 2000). Makris bears the burden of proving that (1) there was an error; (2) it was plain; and (3) it affected his substantial rights. United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). If Makris can demonstrate these three elements, we will reverse the error if it seriously affected the fairness, integrity or public reputation of the judicial proceedings. Id.

Here, Makris has not shown that the district court erred. In accepting a

defendant's guilty plea the district court must insure that: (1) the guilty plea is voluntary; (2) the defendant understands the nature of the charges against him; and (3) he understands the consequences of his plea. Id. The court does this by fulfilling the requirements of Rule 11, which we have recognized are "not aspirational but mandatory, and deserve the careful attention of the district courts." Id. Specifically relevant here, the district court must address the defendant in open court to determine whether he understands "the court's obligation to apply the Sentencing Guidelines, and the court's discretion to depart from those guidelines under some circumstances." Fed. R. Crim. P. 11(b)(1)(M). With respect to this section of Rule 11, the Advisory Committee's Notes state that:

> [Rule 11(b)(1)(M)] assures that the existence of guidelines will be known to a defendant before a plea of guilty or nolo contendere is accepted. Since it will be impracticable, if not impossible, to know which guidelines will be relevant prior to the formulation of a presentence report and resolution of disputed facts, the amendment does not require the court to specify which guidelines will be important or which grounds for departure might prove to be significant.

Fed. R. Crim. P. 11 advisory committee's notes 1989 amendments.

Accordingly, once the defendant acknowledges that he is aware of the guidelines, and states that he has discussed the effect of the guidelines with his attorney, the district court's Rule 11 obligations have been fulfilled. United States v. Mosley, 173 F.3d 1318, 1328 (11th Cir. 1999) (noting that it was sufficient for

3

Rule 11 purposes that "the district judge elicited from [the defendant] at the plea proceeding that he knew about the Sentencing Guidelines and that he had discussed the effect of the Sentencing Guidelines on his sentence with his attorney"); see also United States v. Bozza, 132 F.3d 659, 661–62 (11th Cir. 1998) (concluding that there was no Rule 11 violation where district court failed to inform defendant of possible enhancement under U.S.S.G. § 2J1.7 during the sentencing colloquy).

In this case, the district court did not run afoul of Rule 11. It was only obligated to make Makris aware that it would be required to apply the guidelines but had discretion to depart from them under certain circumstances. The district court specifically asked Makris if he understood that the guidelines would be used to help determine his sentence but that the guideline range would not be set until after the presentence report was completed and he had an opportunity to object to it. Makris answered in the affirmative. The district court was not obligated to tell the defendant anything else about the sentencing consequences of his plea agreement. See Mosley, 173 F.3d at 1328; Fed. R. Crim. P. 11 advisory committee's notes 1989 amendments. Accordingly, the district court did not commit an error, plain or otherwise, by failing to inquire further into Makris's understanding of the stipulation in the plea agreement that he was eligible for the career offender enhancement.

**AFFIRMED.**[1]

---

[1] We need not reach Makris's second argument that his waiver of the right to appeal his sentence was neither knowing or voluntary because the only issue he raises goes to the validity of his guilty plea and not to his sentence.