[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16036
Non-Argument Calendar

_____

D.C. Docket No. 2:11-cr-00112-JES-SPC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM BOKERMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 7, 2013)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

William Bokerman appeals his convictions and total 324-month sentence for

transporting child pornography, in violation of 18 U.S.C. § 2252(a)(1) and (b)(1),

and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and

(b)(2).  The written plea agreement under which Bokerman pled guilty contained a sentence-appeal waiver that foreclosed his right to appeal his sentence, subject to four limited exceptions, including Eighth Amendment challenges.  On appeal, Bokerman argues that: (1) the magistrate judge's failure to warn him of a cross-referencing guideline provision during the plea colloquy rendered his guilty plea not knowing and voluntary; (2) his sentence constituted cruel and unusual punishment; and (3) his sentence was procedurally and substantively unreasonable.  After careful review, we affirm in part and dismiss in part.

When a defendant fails to object to a Rule 11 violation before the district court -- as Bokerman failed to do here -- we review only for plain error.  United States v. Moriarty, 429 F.3d 1012, 1018-19 (11th Cir. 2005).  To establish plain error, the defendant must show: (1) there is error; (2) that is plain; and (3) affected his substantial rights; and if those three prongs are met, we have discretion to correct an error (4) that seriously affected the fairness, integrity or public reputation of judicial proceedings.  Id. at 1019.  As to the third prong, "a defendant who seeks reversal of his conviction after a guilty plea, [on the basis of plain error], must show a reasonable probability that, but for the error, he would not have entered the plea."  United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).  The validity of a sentence-appeal waiver is reviewed de novo.  United States v.

2

Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008).  We also review de novo the legality of a sentence under the Eighth Amendment.  Moriarty, 429 F.3d at 1023.

First, we are unpersuaded by Bokerman's claim that his plea was not made knowingly and voluntarily.  Rule 11 requires district courts, when accepting a guilty plea, to ensure that the defendant (1) enters the plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his guilty plea.  See Fed.R.Crim.P. 11; Moriarty, 429 F.3d at 1019.  With respect to the Sentencing Guidelines, where the court confirms that a defendant is aware of the Guidelines and has discussed the effect of the Guidelines on his sentence with his attorney, Rule 11 compliance has occurred.  See United States v. Mosley, 173 F.3d 1318, 1327-28 (11th Cir. 1999); see also Fed.R.Crim.P. 11(b)(1)(M).  Rule 11 does not require the court to specify particular guideline provisions applicable to the defendant during his colloquy.  See United States v. Bozza, 132 F.3d 659, 661-62 (11th Cir. 1998) (sentence appeal concerning U.S.S.G. § 2J1.7 enhancement).  Moreover, there is a strong presumption that statements made during a plea colloquy are true.  United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).

The guideline imprisonment ranges for child pornography offenses in violation of 18 U.S.C. § 2252 are calculated under § 2G2.2.  U.S.S.G. § 2G2.2 & App. A.  However, if the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually

3

explicit conduct for the purpose of producing a visual depiction of such conduct, a cross-reference directs the application of § 2G2.1 instead -- so long as the resulting offense level is greater than that determined under § 2G2.2.  Id. § 2G2.2(c)(1). Section 2G2.1 provides for a base offense level of 32.  Id. § 2G2.1(a).

In this case, we find no plain error concerning whether Bokerman's plea was made knowingly and voluntarily.  For starters, the magistrate judge did not fail to warn Bokerman of § 2G2.2(c)(1), the cross-reference which mandated the use of § 2G2.1 to determine his guideline range.  Rather, the magistrate judge ensured that Bokerman understood the plea agreement, which explicitly designated a base offense level of 32 under § 2G2.1, the application of which he now challenges.  In response to the magistrate judge's questions, Bokerman confirmed twice that he understood the potential penalties and that he had discussed the application of the Guidelines with counsel.  See Mosley, 173 F.3d at 1328.  Bokerman also said that he was entering a guilty plea freely and voluntarily, which creates a strong presumption that these statements were true.  See Medlock, 12 F.3d at 187. Notably, Rule 11 did not require the magistrate judge to specify the particular guidelines applicable to Bokerman.  See Bozza, 132 F.3d at 661-62.  Nor does the record indicate that, but for failure to mention the cross reference, Bokerman would not have entered his guilty plea.  See Dominguez Benitez, 542 U.S. at 83.

We also reject Bokerman's reasonableness challenge to his sentence, in light of the sentence-appeal waiver in his plea agreement. To establish that a sentence-appeal waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record indicates that the defendant otherwise understood the full significance of the waiver. Johnson, 541 F.3d at 1066. We have consistently enforced appeal waivers according to their terms when the district court specifically questioned the defendant during the plea colloquy about the appeal waiver, adequately explained its significance, and confirmed that the defendant understood its full significance. See United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005).

Here, the record indicates that Bokerman knowingly and voluntarily waived his right to appeal the procedural and substantive reasonableness of his sentence as part of the plea agreement. Not only did the plea agreement spell out the sentence-appeal waiver with specificity, the magistrate judge expressly addressed the waiver during the plea colloquy, listed its four limited exceptions, and explained the significance of the waiver. See id. In response, Bokerman unambiguously indicated that he understood the waiver and the plea agreement in general. Thus, we do not address Bokerman's procedural and substantive reasonableness arguments and dismiss this part of his appeal of his sentence.

Finally, we find no merit to Bokerman's argument that his 324-month sentence was unconstitutional.  In making a cruel and unusual punishment claim under the Eighth Amendment, a defendant must first show that his sentence was grossly disproportionate to the offense committed.  United States v. McGarity, 669 F.3d 1218, 1255-56 (11th Cir.), cert. denied, 133 S.Ct. 378 (2012).  In general, a sentence within an offense's statutory limits is not grossly disproportionate. United States v. Flores, 572 F.3d 1254, 1268 (11th Cir. 2009).  The statutory minimum and maximum sentences for transporting child pornography with a relevant prior conviction are 15 to 40 years' imprisonment.  18 U.S.C. § 2252(b)(1).  We've never ruled that a sentence of imprisonment was grossly disproportionate.  United States v. Farley, 607 F.3d 1294, 1343 (11th Cir. 2010).

Bokerman's total 324-month sentence fell within the statutory limits of the offense and at the bottom of the guideline range of 324 to 405 months, which suggests that his sentence complied with the Eighth Amendment.  See 18 U.S.C. § 2252(b)(1); Flores, 572 F.3d at 1268.  Bokerman, a registered sex offender, took and transported images of 13 minor children, some under the age of 12, engaged in sexually explicit conduct.  On this record, his sentence is not grossly disproportionate to his offenses when compared to other sentences that this Court has affirmed.  See McGarity, 669 F.3d at 1255-56 (upholding life sentences for various defendants who were convicted of child pornography offenses).  In short,

6

Bokerman has not demonstrated that the district court violated the Eighth Amendment, plainly or otherwise, in imposing a total 324-month sentence.

**AFFIRMED IN PART, DISMISSED IN PART.**