[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10640
Non-Argument Calendar
_____

D. C. Docket No. 1:14-cr-20206-BB-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMASE CAMERON,
a.k.a. Dime,
a.k.a. Son Son,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 17, 2015)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Damase Cameron appeals his convictions for conspiracy to possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession in furtherance of, or carrying of a firearm during and in relation to, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), both resulting from pleas of guilty. On appeal, Cameron argues that the district court erred when it failed to inform him prior to his guilty pleas that he might be sentenced as a career offender under U.S.S.G. § 4B1.1(a).[1] After careful consideration of the record and the briefs, we affirm.

When a defendant objects for the first time on appeal to deficiencies in his plea colloquy, we review for plain error. United States v. Rodriguez, 751 F.3d 1244, 1251-52 (11th Cir. 2014), cert. denied, 135 S. Ct. 310 (2014). To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that the error prejudiced his substantial rights. Id. "In the Rule 11 context, a defendant who seeks to establish plain error must show a reasonable probability that, but for the error, [the defendant] would not have entered the plea." Id. at 1252 (quotation omitted). Finally, we exercise our discretion under the plain error standard only if "the error seriously affects the fairness, integrity, or public reputation of judicial

---

[1] Cameron also argues that he is entitled to have his guilty pleas vacated because, at his plea colloquy, the district court failed to determine whether he understood and agreed to the quantity of drugs attributed to his conduct. This argument is frivolous because the plea colloquy repeatedly discussed the drug quantity and the record is clear that Cameron understood both the amount of cocaine and cocaine base to which he was pleading guilty.

2

proceedings." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotation omitted).

Because a defendant waives a number of constitutional rights by entering a guilty plea, due process requires the he make the plea "knowingly and voluntarily." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005).   In accepting a defendant's guilty plea, a court "must comply with Rule 11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." Id.   Under Rule 11, the district court must "inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading . . ." and "any maximum possible penalty" or "mandatory minimum penalty." Fed.R.Crim.P. 11(b)(1)(G), (H), (I). The Rule also requires that the defendant be made aware of the advisory Sentencing Guidelines calculation process.  Fed.R.Crim.P. 11(b)(1)(M).

We have held that "there is no one mechanical way or precise juncture to which a district judge must conform in advising a defendant of the charges to which he is pleading guilty." United States v. Mosley, 173 F.3d 1318, 1322-23 (11th Cir. 1999) (quotations omitted).  Instead, we review the record as a whole to see if the core principles of Rule 11 are satisfied. Id. at 1323.  Each plea colloquy is assessed individually based on various factors including "the simplicity or

3

complexity of the charges and the defendant's sophistication and intelligence." Id. at 1322-23. Finally, it is not plain error when a court fails to advise a defendant of the existence of a particular Guidelines provision that may enhance the sentence. See United States v. Bozza, 132 F.3d 659, 661-62 (11th Cir. 1998) ("Bozza's contention that his purported lack of notice of the possible enhancement violated Rule 11 is without merit. See Fed.R.Crim.P. 11(c)(1) advisory committee notes (1989) ('Since it will be impracticable, if not impossible, to know which guidelines will be relevant prior to the formulation of a presentence report and resolution of disputed facts, [Rule 11(c)(1)] does not require the court to specify which guidelines will be important or which grounds for departure might prove to be significant.'")).

During the plea colloquy, the court also informed Cameron that he might be sentenced anywhere between the statutory minimum and maximum, and that any guideline range estimated by his counsel was not necessarily going to be accurate. Cameron acknowledged this and proceeded with his plea. He cannot now claim that the court erred by not informing him of the possibility he may receive a higher sentence as a career offender when he was informed of the possibility he might receive any sentence within the statutory range. Moreover, the district court asked Cameron if he had discussed with his attorney the advisory Sentencing Guidelines and how they might apply to his case. Cameron replied that he had. The district

4

court did not plainly err because such a conversation with his attorney would have informed Cameron of the potential incarceration consequences of his pleas.  Even assuming arguendo that the district court committed any error, Cameron has failed to demonstrate that there is a reasonable probability that he would not have entered the guilty pleas, as his argument to that effect is simply a conclusory statement.

AFFIRMED.