[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15221
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cr-00078-WTM-GRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROEMAIN BENNETT,
a.k.a. Ratt,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(April 10, 2017)


Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Roemain Bennett appeals his convictions for possession of heroin and ecstasy with intent to distribute and for possession of firearms in furtherance of a drug trafficking crime.  For the first time on appeal, Bennett is challenging his guilty plea on the basis it was not knowingly entered, because when he pleaded guilty he did not know that he would be subject to a guideline-range enhancement for career offenders.  He states he would not have signed the plea agreement had he known that he would be categorized as a career offender.  After review,[1] we affirm Bennett's convictions.

Before accepting a guilty plea, the district court must "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands[,] the nature of the charge to which the plea is offered and the potential consequences of that plea."  *United States v. Lewis*, 115 F.3d 1531, 1535 (11th Cir. 1997) (quotation omitted); *see* Fed. R. Crim. P. 11(b)(1).  The rule imposes upon a district court the "obligation and responsibility to conduct a searching inquiry into the voluntariness of a defendant's guilty plea."  *United States v. Siegel*, 102 F.3d 477, 481 (11th Cir. 1996).  "Three core concerns underlie this rule: (1) the guilty plea must be free from coercion; (2) the defendant must

---

[1]  We review only for plain error where a defendant fails to object to a Rule 11 violation. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005).  "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *Id.*

Rule 11 specifically requires the court inform the defendant of, and ensure the defendant understands, among other things: "any maximum possible penalty, including imprisonment, fine, and term of supervised release"; "any mandatory minimum penalty"; and "in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)." Fed. R. Crim. P. 11(b)(1)(H)-(I), (M).

We have discounted a defendant's argument his plea was involuntary because he did not understand how severe his sentence might be where the record made clear the court had met the requirements of Rule 11. *See United States v. Pease*, 240 F.3d 938, 941 & n.2 (11th Cir. 2001). In the context of deciding an ineffective assistance of counsel claim, in which the defendant argued his lawyer had misled him into believing he would receive a particular sentence, we noted the magistrate judge had repeatedly informed him he could not rely on any predictions, had reiterated the statutory maximum and mandatory minimum sentences, and had informed him his sentence might be different than he expected. *Id.* at 941-42. We concluded the magistrate judge had met the requirements of Rule 11. *See id.* at 941 n.2.

Because Bennett did not attempt to withdraw his guilty plea and did not object to the PSI or his sentence, he must show plain error to prevail. But the district court did not err at all, let alone err plainly. The district court complied with Rule 11's requirements when it informed Bennett about the charges against him, the rights he was giving up by pleading guilty, the statutory maximum and mandatory minimum sentences, and the fact the Sentencing Guidelines would be used in an advisory capacity in determining his sentence. The district court went even further than the mandate of Rule 11 when it explicitly informed Bennett that any estimation he was given by his counsel, the Government, or Probation could not be relied upon and was not binding on the court. The district court also told Bennett he could not later withdraw his guilty plea simply because his sentence was higher than he anticipated. These statements sufficiently informed Bennett about the consequences of his guilty plea and ensured his plea was knowing and voluntary. Bennett responded throughout the sentencing hearing that he understood all of these warnings, and he chose to move forward with his guilty plea. Bennett has not demonstrated any error in the district court allowing him to do so.

Bennett also has not demonstrated that any statute, rule, or case requires a district court to discuss the applicability of the career offender guideline to his sentence. To the contrary, the advisory committee notes explain that a Rule 11

4

challenge cannot be based on a district court's failure to advise a defendant about the specific guideline provisions that may apply in his case. *See* Fed. R. Crim. P. 11, advisory committee's note to 1989 amendments. And we have relied upon that advisory committee note when rejecting a Rule 11 challenge based on a defendant's purported lack of notice of a possible sentencing enhancement. *See United States v. Bozza*, 132 F.3d 659, 661-62 (11th Cir. 1998). Therefore, Bennett has not shown error, much less plain error, based on the district court's acceptance of his guilty plea as knowing or voluntary. Accordingly, we affirm.

**AFFIRMED.**