[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10428
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cr-00190-SPC-MRM-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EILEEN SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 14, 2021)

Before JILL PRYOR, BRANCH and LUCK, Circuit Judges.

PER CURIAM:

Eileen Smith pled guilty to conspiracy to distribute and possession with

intent to distribute cocaine base, heroin, and fentanyl, and she was sentenced to

168 months' imprisonment.  On appeal, Smith challenges her conviction and sentence.  As to her conviction, Smith argues that she should be permitted to withdraw her plea because it was not knowingly and voluntarily entered; Smith contends that she did not understand the sentencing consequences of her plea when she entered it.  As to her sentence, Smith argues that it is procedurally and substantively unreasonable because the district court did not consider the 18 U.S.C. § 3553(a) factors and imposed upon her an excessive punishment given her limited participation in the conspiracy and her background.

We reject Smith's challenges.  Smith's plea was knowing and voluntary even though she was not expressly informed by the district court that her co-conspirators' conduct might influence her sentence.  And her sentence is procedurally and substantively reasonable because the record demonstrates that the district court considered the § 3553(a) factors and imposed upon Smith a sentence within the bounds of its discretion.  We therefore affirm.

## I. BACKGROUND

Smith pled guilty to one count of conspiracy to distribute and possession with intent to distribute cocaine base, fentanyl, and heroin in violation of 21 U.S.C. §§ 841(b)(1)(B), 846.  Her conviction came after a grand jury indicted Smith and nine co-conspirators for their participation in a large drug organization in the Suncoast Estates area of North Fort Meyers, Florida.

2

Smith participated in the conspiracy for at least 48 days. During that time, Smith conspired with Tony Wilson, Jr., the organization's leader, and others, to distribute and possess with intent to distribute controlled substances. On numerous occasions, Smith delivered controlled substances to, and sold those substances from, the organization's hub, which was referred to by Smith's co-conspirators as the "big house." On one occasion, Smith was present at the big house when members of Wilson's organization, equipped with firearms, brawled with members of a rival drug distribution organization.

Smith was also present when authorities executed a search warrant at the big house and seized over 330 grams of cocaine base and over 65 grams of a heroin and fentanyl mixture, which was to be distributed by Smith and her co-conspirators. A few weeks after the seizure, during a traffic stop, Smith was found in possession of cocaine base that she intended to distribute on behalf of the organization. Two days after the traffic stop, an individual Smith suspected of being a confidential informant arrived at a house in Suncoast Estates that was used by the organization to distribute controlled substances. Smith and at least one other individual confronted the suspected confidential informant then struck her repeatedly, including on the head. As the suspected confidential informant fled, Smith accused her of assisting authorities and threatened her with death as retribution for that assistance.

3

After Smith was apprehended and indicted, she waived her right to have her plea directly heard by the district court and proceeded to a plea colloquy with a magistrate judge. The magistrate judge explained to Smith that he would inform her of the consequences of entering a guilty plea and ask her questions to determine whether her decision was knowing and voluntary.

Among other things, the magistrate judge informed Smith that: the penalty for her offense included a "mandatory minimum term of imprisonment of at least five years up to forty years," the United States Sentencing Guidelines applied to her case, the district court would determine her sentence, and the district court would calculate the guidelines range. Doc. 437 at 16–18.[1] The magistrate judge also informed Smith that the guidelines range was only advisory, the district court could impose "any sentence up to the maximum allowed by law," and Smith would remain bound by her plea even if her sentence exceeded "any estimated sentence that [her] attorney or anyone else ha[d] given [her]" and was "higher than [she expected]." *Id.* at 18–19. Smith confirmed that she understood the information presented to her by the magistrate judge and that she had discussed the sentencing guidelines with her counsel and "how they might apply." *Id.* at 17. The magistrate judge issued a report and recommendation that included his factual findings that

---

[1] "Doc." numbers refer to the district court's docket entries.

Smith's guilty plea was knowing and voluntary and recommended that the district court accept Smith's plea, which the district court did.

The case proceeded to sentencing.  At sentencing, the district court found that Smith's offense involved 1.53 kilograms of crack cocaine and 960 grams of heroin.  Based on this drug quantity, Smith's base offense level was 32.  She received a two-level enhancement because she was present at the big house when her co-conspirators were armed in furtherance of the conspiracy and another two-level enhancement because she made credible threats of violence to the suspected confidential informant based on her belief that the individual was acting as an informant.  *See* U.S.S.G. § 2D1.1(b)(1), (2).  She received a three-level reduction of her offense level for acceptance of responsibility.  *See id.* § 3E1.1(a), (b).  Based on Smith's total offense level of 33 and her criminal history category of I, her guidelines range was 135 to 168 months, the calculation of which is unchallenged on appeal.

Smith sought a sentence below the guidelines range.  She argued that the mandatory minimum term of imprisonment, five years, would be an appropriate sentence because of her difficult upbringing:  her parents were incarcerated when she was a minor, she was placed in foster care, was abused by her stepfather, and developed substance abuse problems.  She also pointed out that she did not actually possess a weapon, participated in the conspiracy for only 48 days,

cooperated with authorities, and was influenced by her romantic relationship with the organization's leader.

The district court denied Smith's request for a sentence below the guidelines range and sentenced her to a 168-month term of imprisonment.[2] The district court considered § 3553(a) and based the sentence on a variety of factors, including: the nature of the conspiracy and the extent of Smith's participation in it, her family history and background, her motive, her relationship to the organization's leader, her presence during the altercation involving firearms, her knowledge of the conspiracy's ends, and the threats she made to the suspected confidential informant.

This is Smith's appeal.

## II. STANDARD OF REVIEW

The parties disagree on what standard of review applies when a defendant challenges her plea as involuntary for the first time on appeal. *Compare* Appellant's Br. at 7–8 (citing *United States v. Frye*, 402 F.3d 1123, 1126–27 (11th Cir. 2005)) *with* Appellee's Br. at 18 (citing *United States v. Rodriguez*, 751 F.3d 1244, 1251 (11th Cir. 2014)). We need not resolve that disagreement in this case

---

[2] The court ruled that Smith was to receive 12 months' credit based on time she had served in prison on a related state battery charge.

because Smith's argument that her plea was involuntary fails under any standard of review.

We review for an abuse of discretion the procedural and substantive reasonableness of a sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cabezas-Montano*, 949 F.3d 567, 610 (11th Cir. 2020).

### III. DISCUSSION

Smith argues that her guilty plea was not knowing and voluntary, and is therefore invalid, because she was unaware that her co-conspirators' conduct could influence the length of her sentence. She also argues that the sentence imposed by the district court is procedurally and substantively unreasonable. We discuss Smith's challenge to her conviction before turning to her sentencing challenge.

A guilty plea "cannot support a judgment of guilt unless it was voluntary in a constitutional sense." *Frye*, 402 F.3d at 1127 (internal quotation marks omitted). "A plea is voluntary in a constitutional sense if the defendant receives real notice of the charge against [her] and understands the nature of the constitutional protections [she] is waiving." *Id.* The district court must establish that (1) the guilty plea is free from coercion, (2) the defendant understands the nature of the charges, and (3) the defendant knows and understands the consequences of her guilty plea. *Id.*

7

Smith argues that her plea did not satisfy the third requirement because she "did not receive real notice of the true consequences of entering a guilty plea to the charged crime." Appellant's Br. at 15. Smith did not understand and consent to the consequences of her plea, she contends, because "the [district] court never indicated to [her] that she could be sentenced based on the conduct of co-conspirators," and the court "in fact relied extensively on co-conspirator conduct" at sentencing when it increased Smith's sentence based on her co-conspirator's use of a firearm and imposed the maximum sentence under the guidelines. *Id.*

We reject this argument. The magistrate judge explained to Smith that before imposing a sentence the district court would calculate her guidelines range, and Smith attested that her counsel "explained to [her] the various factors the [district court could] consider in determining a guidelines range." Doc. 437 at 18. She was also aware that the range was "only advisory" and that the district court could impose a sentence "more severe" than the range's ceiling. *Id.* Smith does not argue that the guidelines range was erroneously calculated or that the district court legally erred by relying on co-conspirator conduct in calculating that range. Nor does she argue that it was unlawful for the district court to consider the nature of the conspiracy in weighing the § 3553(a) factors in determining her sentence.

In effect, then, Smith's challenge to her conviction amounts to an argument that her plea was involuntary because she was not informed, in advance of her

8

plea, which sentencing enhancements would influence the guidelines calculation or how the district court would exercise its discretion in determining her sentence. This argument is foreclosed by settled law. *See United States v. Bozza*, 132 F.3d 659, 661–62 (11th Cir. 1998) (holding that a district court has no obligation to inform a defendant that a specific sentencing enhancement may be applied so long as the defendant had notice of the possible enhancement); *United States v. Pease*, 240 F.3d 938, 941 & n.2. (11th Cir. 2001) (rejecting defendant's argument that his plea was "involuntary" because he "did not understand how severe the sentence under the plea agreement might be"); *see also* Fed. R. Crim P. 11 advisory committee's note to 1989 amendment (explaining that district courts are not required to "specify which guidelines will be important or which grounds for departure might prove to be significant" because it is "impracticable, if not impossible, to know which guidelines will be relevant prior to the formulation of a presentence report and resolution of disputed facts"). We are therefore unpersuaded that Smith's plea was involuntary in the constitutional sense and we thus affirm her conviction.[3]

---

[3] Citing our decision in *United States v. Garcia-Sandobal*, 703 F.3d 1278, 1283 (11th Cir. 2013), the government contends that Smith waived the argument that her plea was invalid "because [she] did not object to the report and recommendation that found her guilty plea was knowing and voluntary." Appellee's Br. at 21. We need not consider the limits of *Garcia-Sandobal*'s reach because Smith's argument that her plea is invalid is meritless.

Smith also argues that her sentence is both procedurally and substantively unreasonable. As the party challenging the sentence, she bears the burden of showing it is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

First, Smith argues that her sentence is procedurally unreasonable. A sentence is procedurally unreasonable if the court fails to correctly calculate the guidelines range, treats the guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1323–24 (11th Cir. 2008) (citing *Gall*, 552 U.S. at 51).[4] The district court "does not need to discuss or state each factor explicitly." *Id.* at 1324. "An acknowledgement the district court has considered the defendant's arguments and the § 3553(a) factors [suffices]." *Id.*

Smith contends that her sentence was procedurally unreasonable because the district court failed to consider the sentencing factors set forth in § 3553(a), instead

---

[4] Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute. 18 U.S.C. § 3553(a). These purposes include the need to: reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public from the defendant's future criminal conduct, and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

fashioning a sentence based on her co-conspirators' conduct. That contention is belied by the record. The district court expressly stated that it "consider[ed]" the § 3553(a) factors. Doc. 619 at 65. And it based the sentence on the "nature and circumstances of the offense," the "seriousness" of the offense, the need to "promote respect for the law," the need to "provide just punishment," and the "need to avoid unwarranted sentencing disparities." 18 U.S.C. § 3553(a)(1)–(2), (6); *see* Doc. 619 at 59–63 (basing the sentence on an equitable comparison of Smith's sentence to that of her co-conspirators and Smith's motive, relationship to the conspiracy's leader, contribution to the conspiracy's violent nature, and apparent lack of remorse). It also considered Smith's mitigating arguments. *See* Doc. 619 at 59–63 (acknowledging Smith's substance abuse problems, her difficult childhood, and the length of her participation in the conspiracy). We therefore disagree with Smith that the district court "considered none of the 3553(a) factors" and thus reject her argument that the sentence was procedurally unreasonable. Appellant's Br. at 16.[5]

_____

[5] We also reject Smith's related argument that her sentence was procedurally unreasonable because the district court's analysis was influenced by the conduct of her co-conspirators. Appellant's Br. at 19. No authority supports the proposition that a district court may not consider a co-conspirator's conduct when weighing the § 3553(a) factors. We thus cannot say the district court erred by considering the nature of the conspiracy that Smith participated in, given the district court's obligation to consider the "nature," "circumstances," and "seriousness" of the offense, which in this case was conspiracy to distribute and possession with intent to distribute controlled substances. 18 U.S.C. § 3553(a)(1)–(2).

11

Second, Smith argues that her sentence is substantively unreasonable. When reviewing a sentence for substantive reasonableness, we examine the totality of the circumstances, including "whether the statutory factors in § 3553(a) support the sentence in question." *Gonzalez*, 550 F.3d at 1324. "We will not second guess the weight (or lack thereof)[] that [a district court] accorded to a given factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (alterations adopted) (internal quotation marks omitted). We may vacate a sentence only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted). We may not set aside a sentence "merely because we would have decided that another one is more appropriate." *Id.* at 1191.

Smith argues her sentence of 168 months' imprisonment, followed by five years of supervision, is substantively unreasonable because the sentence does not "fit the crime" given that Smith participated in the conspiracy for only 48 days. Appellant's Br. at 21 (quoting *Irey*, 612 F.3d at 1206). She contends that the district court, instead, should have granted her motion for a sentence reduction and

12

imposed a sentence well below her guidelines range.  We cannot say that the district court abused its discretion.

In arriving at the sentence, the district court balanced the fact that Smith "participated in the offense for . . . 48 days" against a multitude of other factors, including her close relationship with the conspiracy's leader, involvement in threatening individuals whom she suspected of endangering the criminal organization, presence at the episode where a rival drug dealer was threatened with automatic firearms, and knowledge of the "phenomenal" amount of drugs being distributed by the enterprise.  Doc. 619 at 62–63.  The district court also considered whether the sentence was fair relative to the sentences imposed upon Smith's co-conspirators and other related defendants.  *Id.* at 59–61 (considering the extent to which Smith and her co-conspirators participated in the conspiracy, their different criminal histories, the assistance they provided the government, and their motivations).

The 168-month (14-year) sentence imposed by the district court was within the guidelines range and well below the statutory maximum of 40 years.  *See Gonazalez*, 550 F.3d at 1324 ("We ordinarily expect a sentence within the [g]uidelines range to be reasonable . . . .").  Given the facts discussed by the district court at sentencing—particularly Smith's participation in a group assault on, and the violent threats she made to, a suspected confidential informant—we cannot say

with a definite and firm conviction that the district court's sentence was unreasonable because Smith participated in the conspiracy for only 48 days. *See Gall*, 552 U.S. at 51. Regardless of whether we would have imposed the same sentence, we must therefore reject Smith's argument that the district court abused its discretion in determining her sentence.

**AFFIRMED.**